UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Respondent,<br><br>-vs-<br><br>MICHAEL ALLEN BRIGGS,<br>Petitioner. | ) | NOS. CR-07-2063-LRS-2<br>CV-11-3046-LRS<br><br>ORDER DENYING 28 U.S.C. §2255 MOTION |

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed April 15, 2011 (ECF No. 448, CR-07-2063-LRS-2, ECF No. 1, CV-11-3046-LRS). The Motion is submitted by Michael Allen Briggs, who is appearing *pro se* for the purposes of these proceedings. Additionally, Mr. Briggs has filed a Motion For Leave to Conduct Rule 6 Discovery Re: Section 2255 Proceedings(ECF No. 450).

The motion is heard without oral argument and the court has determined that an evidentiary hearing is unnecessary. All of the grounds for relief asserted by Defendant can be resolved by the evidence currently of record. The "files and the records of the case conclusively show the prisoner is entitled to no relief."

**I. BACKGROUND**

Mr. Briggs was indicted on May 15, 2007 for Conspiracy to Possess With Intent to Distribute a Controlled Substance in violation of 21

U.S.C. 846 (Count 1); and Conspiracy to Possess a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. 924(o)(Count 2). Mr. Briggs was found guilty, by a jury at his second trial,[1] of both conspiracy counts of the Indictment on November 5, 2008. On February 3, 2009, Mr. Briggs was sentenced to a 132-month term of imprisonment with five years supervised release; and a special assessment of $200. Mr. Briggs filed a direct appeal of his judgment and/or sentence on February 11, 2009. The Ninth Circuit Court of Appeals affirmed the judgment of the district court on September 27, 2010 (No. 09-30065). On April 15, 2011, Mr. Briggs filed the instant petition.

**II. DISCUSSION**

Issues raised on direct appeal are not subject to collateral attack under §2255. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985); *Egger v. United States*, 509 F.2d 745, 748 (9th Cir.), *cert. denied*, 423 U.S. 842 (1975). "Grounds which were apparent on the original appeal cannot be made the basis for a second attack under §2255." *Egger*, 509 F.2d at 748. Alternatively, legal claims asserted on direct appeal and then in a §2255 motion may be considered the same, even though the supporting statements and facts for the claims may vary. *Molina v. Rison*, 886 F.2d 1124, 1129 (9th Cir. 1989). "[W]hether a particular 'new' issue is merely a 'new legal argument' rather than a 'new legal claim' will depend on whether the new issue is itself a ground for relief, as opposed to being merely a supporting argument or predicate step to a larger, basic claim." *Id.*

---

[1]At Mr. Briggs' first trial, a "Mistrial" was declared on June 24, 2008.

Mr. Briggs contends that his sentence is unconstitutional based on five grounds, four of which amount to ineffective assistance of counsel and one ground alleging failure to disclose evidence favorable to the defendant. ECF No. 448.

**A. GROUNDS ONE-THREE, FIVE: INEFFECTIVE ASSISTANCE OF COUNSEL**

Mr. Briggs alleges that his attorney Timothy Cotterell deprived him of his constitutional right to effective assistance of counsel. In support of this allegation, Mr. Briggs states the following alleged deficiencies: 1) trial counsel failed to proffer an affirmative defense of entrapment; 2) trial counsel failed to investigate and call Glen Ray Briggs, and others, as a witnesses; 3)trial counsel failed to object to irrelevant and prejudicial testimony of agents Foreman, Steadman and Floyd; 4) trial counsel failed to object to improper questing [sic] by the Government during cross examination of defendant; and 5) trial counsel failed to play tape recordings of defendant and ATF Agent Floyd's conversation concerning a silencer. ECF No. 448, at 4, 6.

The Court rejects Mr. Briggs' arguments, and concludes that defense counsel's performance was not deficient. There is no showing that counsel's efforts were not those of a reasonably competent practitioner or that he failed to present any issues now raised by Mr. Briggs. For example, trial counsel filed a pretrial motion to dismiss for outrageous government conduct wherein he vigorously argued an entrapment-type of theory. ECF No. 162. Further, trial counsel chose not to use Glen Ray Briggs as a witness and to do so was undoubtedly tactical as credibility and bias were factors to be reckoned with in

using defendant’s brother Glen Briggs. Finally, although Mr. Briggs generally states that trial counsel failed to object to testimony, he offers no instances of specific testimony he believes should have been objected to. As for trial counsel’s alleged failure to play tape recordings of defendant and ATF Agent Floyd regarding the alleged silencer conversation, Mr. Briggs argues that the jury could have heard the contradiction in the Agent’s testimony and a different verdict would have been rendered. ECF No. 448, at 6. Mr. Briggs does not, however, elaborate on the contradiction in Agent Floyd’s testimony that he believes would have changed the jury’s verdict. The jury had an opportunity to hear testimony from the agents regarding the silencer conversation and weigh such testimony. Mr. Briggs conclusory allegations, without more, are insufficient to find a constitutional violation has occurred.

In a Section 2255 motion based on ineffective assistance of counsel, the movant must prove: (1) counsel's performance was deficient, and (2) movant was prejudiced by such deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). As to the first prong, there is a strong presumption defense counsel's performance was sufficiently effective. *Id.* at 689. Petitioner must show his counsels' performance was "outside the wide range of professionally competent assistance." *Id.* at 690.

Tactical decisions of trial counsel deserve deference when: (1) counsel in fact bases trial conduct on strategic considerations; (2) counsel makes an informed decision based on investigation; and (3) the decision appears reasonable under the circumstances. *Thompson v.*

*Calderon*, 86 F.3d 1509, 1515-16 (9th Cir. 1996), citing Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir. 1994). As to the second prong, petitioner must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different- i.e. the fact finder would have had a reasonable doubt respecting guilt. A "reasonable probability" is a "probability sufficient to undermine confidence in the outcome" of the trial. Strickland, 466 U.S. at 694. The essence of an ineffective assistance counsel claim is that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.* at 686. Both prongs of the ineffective assistance test need not be addressed if the claim can be disposed of in one prong. *Id.* at 697. According to the Supreme Court:

> The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

Id.

The Court begins its review by either determining whether counsel's performance was deficient, or by determining any possible prejudice suffered by Mr. Briggs. In either event, the result in this case is identical.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Under the prejudice prong of the

inquiry, Petitioner "must affirmatively prove prejudice by showing that counsel's errors actually had an adverse effect on the defense." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir.2003). This showing requires "more than some conceivable effect on the outcome of the proceeding." *Id.* Here, Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his attorney had given the assistance that Petitioner suggests he should have provided. These ineffectiveness claims are without merit.

**B. GROUND FOUR: ALLEGED FAILURE TO DISCLOSE EVIDENCE**

Mr. Briggs argues that his conviction was obtained by the alleged failure of the government to disclose evidence that was favorable to him. Mr. Briggs states that the prosecutor failed to disclose phone and other records of the agents involved in the case. This allegedly prejudiced Mr. Briggs as it rendered him unable to proffer an affirmative defense and prevented him from showing the outrageous and egregious conduct of the Government.

In its response to Mr. Briggs motion for discovery, the government indicated that all Brady materials and exculpatory evidence known to the Government was provided to defendant Briggs. Mr. Briggs may hope for exculpatory evidence, however, there is no indication any such agent records exist and that such records, if admissible, were not provided by the government.

**C. CONCLUSION**

The Court finds that the Petitioner has not provided any evidence to convince this Court that his constitutional rights were violated.

The Petitioner is not entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255. Additionally, the Court summarily dismisses the Motion without sending it to the United States Attorney for response. Accordingly,

**IT IS ORDERED** that:

1. Mr. Briggs's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed April 15, 2011 **(ECF No. 448**, CR-07-2063-LRS-2, **ECF No. 1**, CV-11-3046-LRS),is **DENIED.** Mr. Briggs request to conduct discovery, **ECF No. 450**, is **DENIED.**

2. The District Court Executive is directed to:

(a) File this Order;

(b) Provide a copy to Petitioner **AND TO** the United States Attorney, Yakima, Washington; and

(c) **CLOSE THESE FILES.**

**DATED** this 24th day of August, 2011.

***s/Lonny R. Suko***

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE